IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAIRYLAND PACKAGING USA, LLC,

                     OPINION AND ORDER

      Plaintiff,

                     11-cv-146-bbc

  v.

INTERNATIONAL PAPER COMPANY,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Defendant International Paper Company has removed this case from the Circuit Court of Dane County, Wisconsin under 28 U.S.C. §§ 1441 and 1446. As a basis for federal jurisdiction, defendant relies on 28 U.S.C. § 1332, which requires a showing that plaintiff is not a citizen of the same state as defendant and that the amount in controversy is greater than $75,000.

  Plaintiff is claiming that defendant interfered with a contract worth more than $4 million, so the amount in controversy requirement is satisfied. With respect to diversity of citizenship, defendant alleges in it its notice of removal that it is a New York Corporation with its principal place of business in Tennessee and that plaintiff is a "Wisconsin limited liability company with its principal office located in Wisconsin." This allegation is fine as

1

to defendant's citizenship. Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004) (corporation is citizen of its state of incorporation and state where its principal place of business is located). The problem is that the citizenship of a limited liability company is not determined by the location of its "principal office," but by the citizenship of each of its members. Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); see also Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Defendant did not include information about the citizenship of plaintiff's members in the notice of removal.

As the proponent of federal jurisdiction, it is defendant's burden to show that the parties are citizens of different states. Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, I will give defendant an opportunity to file an amended notice of removal that includes allegations about the citizenship of plaintiff's members. 28 U.S.C. § 1653 (defective jurisdictional allegations may be cured); see also McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 654 (7th Cir. 1998) (allowing defendant to file "a proposed amendment to the notice of removal to put the jurisdictional details in the record").

ORDER

IT IS ORDERED that defendant International Paper Company may have until March 15, 2011, to file an amended notice of removal that corrects the jurisdictional defects of the original notice. If defendant does not respond by that date, the case will be remanded to state court.

Entered this 3d day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge